# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JOHN EDWARD LEPOSKY,

    Plaintiff,                                 CASE NO. 05-CV-10274-BC

v.                                             DISTRICT JUDGE DAVID M. LAWSON
                                               MAGISTRATE JUDGE CHARLES BINDER
REPRESENTATIVE DAVE CAMP
and JOHN DOE CONGRESSMEN,

    Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS
(Dkt. 4)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's complaint be dismissed with prejudice.

### II.    REPORT

#### A.    Introduction and Facts

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on November 14, 2005. (Dkt. 2.) Pending is the above-entitled motion. Plaintiff has filed a response (Dkt. 6), and Defendants have filed a reply (Dkt. 7). Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff filed his *pro se* complaint on October 24, 2005. Listed as Defendants are United States Representative David Camp "and all other Congressmen." The substance of Plaintiff's complaint appears essentially in the form of a letter. After announcing his intent to file suit, Plaintiff states:

> First off, the Defendants appear to have mis-understood the true meaning of what our government has done for us. Our government has caused us to accept things that are not necessarily in our best interest . . . . but what they've done is final. In particular, I note that the provisions of ERISA are NOT retro-active.
>
> Second off, I've furnished records showing where I worked for the Ironworkers. I worked in two different Locals. I worked in Local 783 in Marquette Michigan, and I worked in Local 25 in Detroit (now Novi) Michigan.
>
> Third, I've furnished the information that I've mailed to Mr. Dave Camp. This letter was not answered by Mr. Camp. This prompted [sic] this letter to you.

(Dkt. 1 at 1.)

Additional background is provided by the copy of a September 2005 letter to Representative Camp from Plaintiff, which is attached as an exhibit to Plaintiff's complaint. That letter states in pertinent part:

> According to the Pension History Report you mailed me, someone owes me Money and interest on this money for pension for 1957 through 1962.
>
> . . . .
>
> According to the Pension History Report, it IS my money. No other provisions have been provided for dealing with this money and ERISA has closed the door on any further legislation.

(*Id*. at 2.)

Also attached to Plaintiff's complaint is a letter to Representative Camp from the Regional Director of the United States Department of Labor, as well as other records. (*Id*. at 3-5.)

2

In the instant motion, filed under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted and that he has failed to file the "short and plain statement" of his claim required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Defendants also argue that they are immune from suit.

### B.   Standards of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

### C.   Analysis and Conclusions

#### 1.   In Pro Per Plaintiff

Plaintiff filed the instant complaint in pro per. ". . . [A] *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508

U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113.  A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  However, it "is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In other words, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

**2.     Discussion**

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).  Here, Plaintiff has failed to allege any facts in support of his claims against any of these Defendants.  Plaintiff apparently believes he is owed money, but he fails to specify how much he is owed.  It can be inferred from his membership in different union locals that he worked, and that he had more then one employer, but they are not listed.  In what way any member of Congress wronged him is nowhere stated by Plaintiff.

Conclusory assertions with neither specific factual allegations nor specific linkage to a defendant fail to state a claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see also Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) ("[C]omplaint was vague, conclusory, and contained no factual allegations upon which a valid federal claim may rest.  Thus, even under the most liberal construction, [the] complaint did not state a claim for relief.")  Under these standards, I suggest that Plaintiff's complaint fails to meet the minimum pleading standards

set forth in Rule 8.  I therefore suggest that the grant of Defendants' motion to dismiss is appropriate.

In the alternative, I suggest that the Defendants named in Plaintiff's complaint are immune from suit.  Plaintiff appears to link the wrong done to him with the passage by Congress in 1974 of the Employee Retirement Income Security Act (ERISA).  However, the Speech and Debate Clause of the United States Constitution, Art. I, § 6, cl 1, which states ". . . and for any Speech or Debate in either House, they shall not be questioned in other Place[,]" renders members of Congress absolutely immune from suit for legislative activity, such as the debate, consideration and passage of statutes.  *See Davis v. Passman*, 442 U.S. 98, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979).  I therefore suggest that the grant of Defendants' motion on this alternative basis is also appropriate.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: March 2, 2006                         United States Magistrate Judge


## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christine Davenport, and served in the traditional manner on John Leposky and Honorable David M. Lawson.


Dated:  March 2, 2006                           By     s/Mary E. Dobbick
                                                                   Secretary to Magistrate Judge Binder